## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICIA CAVALLARO and MONIQUE HERMAN, on behalf of themselves and all other employees similarly situated,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL HOSPITALS, INC., UMASS MEMORIAL MEDICAL CENTER, INC., HEALTHALLIANCE HOSPITALS, INC., MARLBOROUGH HOSPITAL, THE CLINTON HOSPITAL ASSOCIATION, WING MEMORIAL HOSPITAL CORPORATION, JOHN O'BRIEN AND PATRICIA WEBB,**<br><br>DEFENDANTS. | **NOTICE OF REMOVAL BY DEFENDANTS**<br><br>**CIVIL ACTION**<br><br>NO. _____<br><br>(Superior Court Department, Middlesex County, Commonwealth of Massachusetts, Civil Action No. 2009-3539) |

## NOTICE OF REMOVAL BY DEFENDANTS

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants,[1] by and through their attorneys, state the following grounds for removal of this action to the United States District Court for the District Of Massachusetts:

1.  A civil action is pending against Defendants in the Middlesex Superior Court, Commonwealth of Massachusetts entitled *Patricia Cavallaro and Monique Herman, on behalf of themselves and all other employees similarly situated v. UMass*

---

[1] UMass Memorial Health Care, Inc., UMass Memorial Hospitals, Inc., UMass Memorial Medical Center, Inc., Healthalliance Hospitals, Inc., Marlborough Hospital, The Clinton Hospital Association, Wing Memorial Hospital Corporation (collectively referred to as the "Hospital Defendants"), John O'Brien ("Defendant O'Brien") and Patricia Webb ("Defendant Webb") are collectively referred to as "Defendants".

*Memorial Health Care, Inc., UMass Memorial Hospitals, Inc., UMass Memorial Medical Center, Inc., Healthalliance Hospitals, Inc., Marlborough Hospital, The Clinton Hospital Association, Wing Memorial Hospital Corporation, John O'Brien and Patricia Webb,* Civil Action No. 09-3539 ("State Court Action"). Copies of the Summonses and Complaint that have been served upon the Defendants in the State Court Action are attached to this Notice collectively as Exhibit A. A review of the docket in the State Court Action reveals that the only documents on file, besides the Summonses and Complaint, are: (1) the Scheduling Order; (2) a Motion for Appointment of Process Server with endorsed order allowing that Motion; (3) a Clerk's Notice regarding same; (4) an Assented Motion for Enlargement of Time for Defendants to Answer or Otherwise Respond to the Complaint, with endorsed order allowing that Motion; and (5) a Clerk's Notice regarding same. A copy of the Case Summary Civil Docket from the State Court Action and the pleadings, orders, and notices relating to the appointment of a process server and enlargement of time are attached as Exhibit B.

2. The Hospital Defendants and Defendant Webb were each served with the Summons and Complaint in the State Court Action on or about but not before September 17, 2009. Defendant O'Brien was served with the Summons and Complaint in the State Court Action on or about but not before September 19, 2009. Prior to the respective dates of service, Defendants were not served with a copy of the Summons and Complaint or any other pleading in the State Court action. Accordingly, this Notice of Removal is timely filed within thirty (30) days of formal service of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b). Each named defendant, through their undersigned counsel, expressly consents to join in this Notice of Removal and the removal of the State Court Action to this

Court.

3. The District Court for the District of Massachusetts is the district embracing the place where the State Court Action is pending. Venue in this Court's Central Division is appropriate because a substantial part of the events giving rise to the claims occurred, and the majority of the Defendants and witnesses are located within the Central Division of this judicial district. 28 U.S.C. § 1391(a)(2).

4. Removal is appropriate under 28 U.S.C. § 1441(b) and (c) because Plaintiffs have asserted claims arising out of the laws of the United States that are completely preempted by federal law. Specifically, the State Court Action includes claims that are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Thus, it is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

5. The State Court Action is based on allegations that Defendants have "policies and practice of not properly paying employees for all hours worked including applicable premium pay . . . ." State Court Action Complaint, ¶65. Specifically, Plaintiffs assert that Defendants failed to pay Plaintiffs for: (1) work performed during meal breaks; (2) work performed before or after their scheduled shifts; and (3) time spent attending training programs. State Court Action Complaint, ¶¶ 73-101. Based on these allegations, Plaintiffs have alleged the following claims: Count I, Violation of Mass. Gen. Laws Ch. 149 §148; Count II, Failure to Pay Overtime Wages, Mass. Gen. Laws. Ch. 151 §§1A; Count III, Breach of Contract: Failure to Pay Earned Wages; Count IV, Breach of Contract: Failure to Provide and Pay for Missed and/or Interrupted Meal Breaks; Count V, Breach of Implied Contract; Count VI, Money Had and Received in

Assumpsit; Count VII, Quantum Meruit/Unjust Enrichment; Count VIII, Fraud; Count IX, Negligent Misrepresentation; Count X, Equitable Estoppel; Count XI, Promissory Estoppel; Count XII, Conversion; and Count XIII, Failure to Keep Accurate Records. *Id*. at Counts I-XIII. Plaintiffs seek to recover as part of their request for relief "unpaid wages, including fringe benefits." *Id*. at ¶"WHEREFORE," (c) (following ¶195). [2]

6. Plaintiffs purport to represent a class of current and former employees of Defendants. Many of the individuals in the purported class, including named Plaintiffs Cavallaro and Herman, are or were members of a union and subject to at least twenty-two (22) different collective bargaining agreements ("CBAs") applicable to many of Hospital Defendants. As unionized employees, Plaintiffs and many putative class members were or are subject to the provisions in their respective CBAs relating to scheduled hours, breaks, compensation, overtime and other premium pay, and grievance procedures. (Copies of the Collective Bargaining Agreements covering Plaintiffs Cavallaro and Herman are attached hereto as Exhibits C-E.)

7. For example, the April 4, 2006 to April 4, 2009, CBA covering Plaintiffs Cavallero's and Herman's employment explicitly states that one of its purposes is the "establishment of wages, hours, and other terms and conditions of employment." (Exhibit C, Preamble, pg. 1) Plaintiffs' CBA also contains an integration or zipper clause providing in part that the parties shall be governed exclusively by and limited to the terms and provisions of the CBA and that neither shall have any other obligation or be obliged to negotiate with respect to

---

[2] While Defendants dispute the allegations in Plaintiffs' Complaint, they form the basis for the removal analysis because jurisdiction is normally ascertained from the face of the state court complaint. *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 8 (1st Cir. 1999). But there is an exception to focusing solely on the face of the Complaint. *Id*. Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded. *Id.* This exception to the well-pleaded complaint rule, present here, is "complete preemption." *Id.*

4

any addition pertaining to wages, hours or other terms and conditions of employment. (Exhibit C Article XXIII, pg. 51.) The CBA governs and must be interpreted regarding work schedules, training time, meal breaks, compensation, and overtime and other premium pay. (Exhibit C, Article VI, Workweek and Work Schedules, pgs. 10-17; Article VII, Salary Rates/Differentials, pgs. 17-20; Article VIII, Holidays, pgs. 21-23; and Article X, Leave, pgs. 30-35) Plaintiffs' CBA also contains a Grievance and Arbitration procedure that must be followed for complaints regarding alleged violations of its terms. (Exhibit C Article XIII, pgs. 41-44.)

8. As support for their claims, Plaintiffs' State Court Action Complaint implicitly references the CBAs in numerous paragraphs, including but not limited to the following:

**Paragraph 91**: In addition if Plaintiffs' and Class Members' hours had been properly calculated, the time spent working during meal breaks often would include work that should have been calculated at applicable premium rates.

**Paragraph 106:** By entering into an employment relationship defendants and Plaintiffs and Class Members entered into a contract for employment, including implied contracts and express contracts.

**Paragraph 107**: Defendants entered into an express contract with Plaintiffs and Class Members that was explicitly intended to order and govern the employment relationship between defendants and Plaintiffs and Class Members.

**Paragraph 108:** This binding express contract provided that Plaintiffs and Class Members would provide services and labor to defendants in return for compensation under the provisions of the contract.

**Paragraph 110**: In addition, defendants' express contract with Plaintiffs and Class Members embodies all binding legal requirements concerning the payment of such wages to the Plaintiffs and Class Members that were in force at the time of that contract.

**Paragraph 111**: As alleged herein, Plaintiffs and Class Members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours.

These factual allegations are then incorporated by reference into each of Plaintiffs' state law claims, counts I-XII.

9. Through creative pleading, and by strategically omitting references to the

respective CBAs that govern the terms of their employment with the UMass Memorial Defendants, Plaintiffs attempt to disguise their state law claims as pure, common-law claims. However, such artful pleading is improper because Plaintiffs' claims undoubtedly allege violations of the CBAs and require interpretation of the CBAs and are completely preempted by Section 301 of the LMRA.

10. Before the claims asserted by Plaintiffs and claims relating to many of the putative class members in the State Court Action may be addressed, the Court must engage in an interpretation of the CBAs, the duties and obligations of the parties under the CBAs, as well as any practices or implied contracts between the parties that have – or have not - been incorporated into the CBAs over time, thus bringing the State Court Action Complaint under the auspices of Section 301 of the LMRA.  Consequently, Plaintiffs' state law claims and many putative class members' state law claims are completely preempted under Section 301 of the LMRA.

11. Further, Defendant UMass Memorial Health Care, Inc. sponsors both the UMass Memorial Health Care 401(k) Plan (the "401(k) Plan") and the UMass Memorial Health Care Pension Plan (the "Pension Plan").  As employees of subsidiaries of Defendant UMass Memorial Health Care, Inc., Plaintiffs Cavallaro and Herman were both eligible to and did participate in the 401(k) Plan and the Pension Plan.  The 401(k) Plan and the Pension Plan provide for various types of employee retirement benefits according to their terms, and both the 401(k) Plan and the Pension Plan are subject to ERISA.  In the State Court Action, Plaintiffs seek recovery of benefits under both the 401(k) Plan and the Pension Plan.  Accordingly, because both plans are expressly governed by ERISA, which provides the exclusive means to assert claims for benefits under the plans, Plaintiffs' benefit claims are completely preempted by ERISA and raise questions concerning the applicability of federal law.

12.     More specifically, prior to filing the State Court Action Plaintiffs filed an action in this Court (the "Federal Court Action") based on the same alleged conduct as the conduct that forms the basis for the State Court Action. *See Patricia Cavallaro, et al., v. UMass Memorial Health Care, Inc., et al.,* United States District Court for the District of Massachusetts, Civil Action File No. 4:09-cv-40152-FDS, attached as Exhibit F.

13.     The Federal Court Action Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and estoppel.[3] Plaintiffs specifically named the 401(k) Plan as a defendant in the Federal Court Action.

14.     Further, in the Federal Court Action, Plaintiffs' Complaint contains two express causes of action under ERISA. First, Plaintiffs assert a cause of action under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for failure to keep accurate records "of all time worked by Class Members" which allegedly renders "defendants' records legally insufficient to determine benefits as required by ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1)." Federal Court Action Complaint ("Fed. Compl."), ¶¶ 149-151. Second, Plaintiffs assert a cause of action under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), for alleged breach of fiduciary duties set forth under ERISA. Fed. Compl., ¶¶ 152-153.

15.     Plaintiffs base these two ERISA causes of action in their Federal Court Action Complaint on underlying factual allegations which include, but are not limited to:

- "Mr. O'Brien has the authority to, and does, make decisions that concern

---

[3] Plaintiffs' allegations in the State Court Action also appear duplicative of those asserted in the Federal Court Action and may fail to state a claim upon which relief may be granted. Defendants reserve the right to address the sufficiency of Plaintiffs' State Court Action and Federal Court Action Complaints at the appropriate time.

7

defendants' operations, including functions related to employment, human resources, training, payroll, and *benefits*" (Fed. Compl., ¶ 29) (emphasis added);

- "Mr. O'Brien has the authority to, and does, make decisions that concern employees' schedules, hours and *standard benefit levels*" (Fed. Compl., ¶ 34) (emphasis added);

- "Mr. O'Brien has the authority to, and does, make decisions that concern *benefit plans across UMass*" (Fed. Compl., ¶ 42) (emphasis added);

- "Mr. O'Brien has the authority to, and does, make decisions that concern the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (Fed. Compl., ¶ 43);

- Various allegations that John O'Brien has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (Fed. Compl., ¶¶ 45, 47, 48);

- "Ms. Webb is actively involved in decisions that set employees' schedules, hours and *standard benefit levels*" (Fed. Compl., ¶ 57) (emphasis added);

- "Ms. Webb is actively involved in benefit plans across Umass" (Fed. Compl., ¶ 65);

- "Ms. Webb is actively involved in determining the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (Fed. Compl., ¶ 66);

- Various allegations that Patricia Webb has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (Fed. Compl., ¶¶ 68, 70, 71); and

- "Defendants sponsor pension plans including the UMass Memorial Healthcare 401K [sic] (the "Plan") for its [sic] employees. Plaintiffs and class members participated in the Plan as plan participants and beneficiaries pursuant to 29 U.S.C. § 1132(a)(1).(A)(3) [sic]" (Fed. Compl., ¶¶ 117-118).

16.  Finally, the Federal Complaint specifically contains in its prayer for relief specific relief relating to these alleged ERISA violations, seeking "an award of the value of Plaintiffs' and Class Members unpaid wages, *including fringe benefits*." Fed. Compl., ¶ "WHEREFORE," p. 24 (emphasis added).

17. In virtually identical fashion to their Federal Court Action Complaint, in their State Court Action Complaint Plaintiffs' make the following factual allegations:

- "Mr. O'Brien has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and *benefits*" (State Court Action Complaint ("State Compl."), ¶ 17) (emphasis added);

- "Mr. O'Brien has authority to, and does, make decisions that concern employees' schedules, hours and *standard benefit levels*" (State Compl., ¶ 22) (emphasis added);

- Various allegations that Mr. O'Brien has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (State Compl., ¶¶ 31, 33, 34);

- "Ms. Webb is actively involved in decisions that set employees' schedules, hours and *standard benefit levels*" (State Compl., ¶ 43) (emphasis added);

- "Ms. Webb is actively involved in benefit plans across Umass" (State Compl., ¶ 51);

- "Ms. Webb is actively involved in determining the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (State Compl., ¶ 52); and

- Various allegations that Patricia Webb has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (State Compl., ¶¶ 54, 56, 57).

18. Further, identically to their Federal Court Action Complaint, Plaintiffs' prayer for relief in their State Court Action Complaint contains a provision seeking "an award of the value of Plaintiffs' and Class Members unpaid wages, *including fringe benefits*." State Compl., ¶ "WHEREFORE," p. 28 (emphasis added). Plaintiffs' State Court Action Complaint also contains a cause of action for "Failure To Keep Accurate Records" which parallels the ERISA recordkeeping claim set forth in their Federal Court Action Complaint. *Compare* Fed. Compl., ¶¶ 149-151 *with* State Compl., ¶¶ 193-195.

9

19. Based on the myriad factual allegations in their State Court Action Complaint directly concerning employee benefits and the administration of employee benefit plans, which are virtually identical to allegations in their Federal Court Action Complaint asserting two causes of action under ERISA, it is clear from the face of their State Court Action Complaint that Plaintiffs are attempting to assert alternative claims for employee benefits and violations of ERISA under state law causes of action, including failure to pay wages, breach of contract, breach of implied contract, money had and received in assumpsit, quantum meruit / unjust enrichment, fraud, equitable and promissory estoppel, conversion and failure to keep accurate records. State Compl., ¶¶ 160-195. Plaintiffs confirm this by asserting an identical prayer for relief for fringe benefits in both the State Court Action Complaint and the Federal Court Action Complaint. Fed. Compl., ¶ "WHEREFORE," p. 24; State Compl., ¶ "WHEREFORE," p. 28.

20. Plaintiffs' State Court Action Complaint unquestionably seeks recovery of employee benefits under the terms of various ERISA governed plans, as well as recovery for alleged fiduciary violations related to the administration of those plans. Accordingly, removal of Plaintiffs' State Court Action to federal court is also proper because some of Plaintiffs state law claims are completely preempted by ERISA, thereby presenting a "federal question" under the laws of the United States and providing this Court with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

21. Finally, because the causes of action and corresponding allegations in the State Court Action are nearly identical to the causes of action and corresponding allegations in the Federal Court Action, and because the underlying allegations in the State Court Action are identical to the underlying allegations in the Federal Court Action, the State Court Action

should be consolidated with the Federal Court Action upon its removal pursuant to Fed. R. Civ. Pro. 42(a).

22. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiffs after filing of this Notice of Removal.

23. A true and correct copy of this Notice will be filed with the Clerk of Middlesex Superior Court, Commonwealth of Massachusetts promptly after the filing of this Notice with this Court.

WHEREFORE, Defendants respectfully pray that this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

UMASS MEMORIAL HEALTH CARE, INC.,
UMASS MEMORIAL HOSPITALS, INC.,
UMASS MEMORIAL MEDICAL CENTER, INC.,
HEALTHALLIANCE HOSPITALS, INC.,
MARLBOROUGH HOSPITAL, THE CLINTON
HOSPITAL ASSOCIATION, WING MEMORIAL
HOSPITAL CORPORATION, JOHN O'BRIEN
AND PATRICIA WEBB,

By their attorneys,

*/s/ Gregory C. Keating*
Gregory C. Keating (BBO #564523)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
gkeating@littler.com

Lisa A. Schreter (*Pro hac vice* admission anticipated)
Angelo Spinola (*Pro hac vice* admission anticipated)
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road, N.E.
Suite 1500 Atlanta, GA  30326
Phone: 404.233.0330
Fax: 404.233.2361
lschreter@littler.com
aspinola@littler.com

Dated:  October 16, 2009

**CERTIFICATE OF SERVICE**

I, Gregory C. Keating, hereby certify that on this 16th day of October 2009, the foregoing NOTICE OF REMOVAL was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be served via first class mail, postage prepaid, upon plaintiffs' counsel of record:

Jody L. Newman
Ariatna Villegas-Vazquez
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000
jnewman@dwyercollora.com
avillegas-vazquez@dwyercollora.com

Patrick J. Solomon, Esq. *(pro hac vice admission anticipated)*
Michael J. Lingle, Esq. *(pro hac vice admission anticipated)*
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
psolomon@themployentattorneys.com
mlingle@theemploymentattorneys.com

                                    */s/ Gregory C. Keating*
                                    Gregory C. Keating