UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICIA CAVALLARO AND MONIQUE HERMAN,** *on behalf of themselves and all other employees similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**UMASS MEMORIAL HEALTH CARE, INC., UMASS MEMORIAL HOSPITALS, INC., UMASS MEMORIAL MEDICAL CENTER, INC., HEALTHALLIANCE HOSPITALS, INC., MARLBOROUGH HOSPITAL, THE CLINTON HOSPITAL ASSOCIATION, AND WING MEMORIAL HOSPITAL CORPORATION,**<br><br>*Defendants.* | **FIRST AMENDED COMPLAINT-CLASS ACTION AND DEMAND FOR JURY TRIAL**<br><br>**Civil Action No. 09-CV-40181-FDS** |

FIRST AMENDED CLASS ACTION COMPLAINT

1.      This is a proceeding for injunctive and declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiffs Patricia Cavallaro and Monique Herman individually, as well as all other employees similarly situated, under the common law and various laws of Massachusetts including, but not limited to, Mass. Gen. Laws Ch. 149 §§ 148, 150; Mass. Gen. Law Ch. 151 §§ 1A, 1B, that require an employer to pay employees for all hours worked including premium pay when applicable.

**PARTIES**

A.      **Defendants**

2.      Collectively, defendants UMass Memorial Health Care, Inc., UMass Memorial Hospitals, Inc., UMass Memorial Medical Center, Inc., HealthAlliance Hospitals, Inc.,

Marlborough Hospital, The Clinton Hospital Association, and Wing Memorial Hospital Corporation (collectively, "Named Defendants") are related organizations through, for example, common membership, governing bodies, trustees and/or officers.

3.      UMass Memorial is an enterprise engaged in the operation of a hospital and/or the care of the sick and is a healthcare consortium.

4.      Named Defendants operate more than 5 health care facilities and centers and employ approximately 13,000 individuals.

5.      Together the Named Defendants are referred to as "UMass" or "defendants."

6.      Further, upon information and belief, defendants' integrated labor relations and human resources are centrally organized and controlled, including defendants' employment of a senior vice president and chief human resources officer as part of the management team as well as the maintenance of system-wide policies and certain employee benefit plans.

7.      Upon information and belief, defendants share common management, including oversight and management by an administration and Board of Trustees which controls all of UMass' operations.

8.      Defendants constitute an integrated, comprehensive, consolidated health care delivery system, offering a wide range of services which are controlled by UMass.

9.      Defendants have centralized data conversion systems, compliance programs supply chain management, financial, computer, payroll and health records systems that are integrated throughout their locations.

10.      Upon information and belief, defendants have common ownership and financial control.

11.      As such, defendants are the employer (single, joint or otherwise) of the Plaintiffs

and Class Members and/or alter egos of each other.

12.     Upon information and belief, defendants consider themselves a single employer for purposes of wage and hour matters.

**B.     Plaintiffs**

*Named Plaintiffs*

13.     Named Plaintiffs Patricia Cavallaro and Monique Herman ("Plaintiffs") are both residents of the Commonwealth of Massachusetts residing in the county of Worcester.

*Class Members*

14.     The Class Members are those employees of defendants who were suffered or permitted to work by defendants and not paid for all the time they worked including applicable premium pay.

## CLASS ACTION ALLEGATIONS

15.     The claims arising under this complaint are properly maintainable as a class action under Massachusetts's Rule of Civil Procedure ("Mass. R. Civ. P.") 23.

16.     The class consists of current and former employees who worked for defendants, were paid hourly and were not paid for all the time they worked including applicable premium pay.

17.     The class size is believed to be well over 13,000 employees.

18.     Common questions of law and fact predominate in this action because the claims of all Plaintiffs and Class Members are based on defendants' policies and practice of not properly paying employees for all hours worked including applicable premium pay in violation of the laws of Massachusetts.

19.     The named Plaintiffs will adequately represent the interests of the Class Members

because they are similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of the other Class Members.

20.     There are no known conflicts of interest between the named Plaintiffs and the other Class Members.

21.     The class counsel, Dwyer & Collora, LLP and Thomas & Solomon LLP, are qualified and able to litigate the Plaintiffs' and Class Members' claims.

22.     The class counsel practice in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under state wage and hour laws.

23.     The class action is maintainable under Mass. R. Civ. P. 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent this action, the Plaintiffs and Class Members likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of the laws of Massachusetts.

## FACTUAL BACKGROUND

24.     UMass is one of the largest health care providers in Massachusetts.

25.     As discussed below, defendants maintained several illegal pay policies that denied Plaintiffs and Class Members compensation for all hours worked.

*Meal Break Deduction Policy*

26.     Pursuant to defendants' "Meal Break Deduction Policy," defendants computerized time-keeping system automatically deducts one half-hour from employees' paychecks each day for a meal break even though defendants fail to ensure that employees were relieved from duty for a meal break and employees did in fact perform work during those breaks and were not paid for that time.

27.     Defendants maintain the Meal Break Deduction Policy throughout its facilities and centers.

28.     Plaintiffs and Class Members allow defendants to operate on a 24/7 basis, and in doing so, Plaintiffs and Class Members often perform compensable work for defendants during their uncompensated meal breaks.

29.     Defendants do not prohibit Plaintiffs and Class Members from working during their meal breaks and do not have rules against such work.

30.     Although the defendants' policy deducts 30 minutes of pay each shift, defendants expect Plaintiffs and Class Members to be available to work throughout their shifts and consistently requires its employees to work during their unpaid meal breaks.

31.     Plaintiffs and Class Members are not relieved by another employee when their break comes, or asked to leave their work location.

32.     Plaintiffs and Class Members are expected to eat without any change in demands from patients or relief by additional staff.

33.     Further, all defendants' employees are required to respond to pages whether on break or not, as well as requests by patients, co-workers and management.

34.     Further, defendants for years have been reducing staffing which imposes larger and larger burdens on Plaintiffs and Class Members to immediately respond to the defendants' needs regardless of whether Plaintiffs and Class Members are on a "meal break."

35.     Defendants know that Plaintiffs and Class Members perform work during their meal breaks.

36.     For example, Plaintiffs and Class Members perform the work for the defendants, on defendants' premises, in plain sight, and at management's request.

37.    Defendants' management have repeatedly observed Plaintiffs and Class Members working though their unpaid meal breaks.  Defendants' management has gone so far as to direct Plaintiffs and Class Members to work during their unpaid meal breaks even though defendants' management knew that they would not be able to have a full meal break.

38.    Plaintiffs and Class Members had conversations with defendants' managers in which they discussed how they were working through their meal periods and were not getting paid for such work.

39.    When questioned by employees about the Meal Break Deduction Policy, the defendants affirmatively stated that the employees could not be paid for such time, even though defendants knew such time was compensable.

40.    Further, given the demands of the health care industry and short staffing, defendants' management knew that to get the tasks done they assigned to Plaintiffs and Class Members, when they needed to get done, Plaintiffs and Class Members had to work through their meal breaks even during times they were not paid for their meal breaks.

41.    Even though defendants know its employees are performing such work, defendants fail to compensate their employees for such work.

42.    All Plaintiffs and Class Members are subject to the Meal Break Deduction Policy and are not fully compensated for work they perform during breaks, including, without limitation, hourly employees working at UMass' facilities and centers, such as secretaries, housekeepers, custodians, clerks, porters, food service hosts, registered nurses, licensed practical nurses, nurses aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior

research associates, operating room coordinators, surgical specialists, admissions officers, student nurse techs, trainers, transcriptionists, occupational therapists, occupational therapy assistants, physical therapists, physical therapy assistants, radiation therapists, staff therapists, angiotechnologists, x-ray technicians, CAT scan technicians, mammographers, MRI technologists, sleep technologists, surgical technologists, radiographers, phlebotomists, and other health care workers.

43.    Employees are entitled to compensation for all time they performed work for defendants, including during their meal breaks.

44.    In addition, if Plaintiffs' and Class Members' hours had been properly calculated, the time spent working during meal breaks often would include work that should have been calculated at applicable premium  rates.

45.    All Plaintiffs and Class Members subject to the Meal Break Deduction Policy are members of Subclass 1.

***Unpaid Preliminary and Postliminary Work Policy***

46.    UMass suffered or permitted Plaintiffs and Class Members to perform work before and/or after the end of their scheduled shift and failed to ensure that employees were relieved from their duties before and/or after the end of their scheduled shift.

47.    However defendants failed to pay Plaintiffs and Class Members for all time spent performing such work as a result of defendants' policies, practices and/or time recording system (the "Unpaid Preliminary and Postliminary Work Policy").

48.    In addition, if Plaintiffs' and Class Members' hours had been properly calculated, the time spent, performing work before and/or after their shifts often would have included work that should have been calculated at applicable premium rates.

49.     All Plaintiffs and Class Members subject to the Unpaid Preliminary and Postliminary Work Policy are members of Subclass 2.

***Unpaid Training Policy***

50.     Defendants also suffered or permitted Plaintiffs and Class Members to attend compensable training programs.

51.     However, defendants fail to pay employees for all time spent attending such training sessions (the "Unpaid Training Policy").

52.     In addition, if Plaintiffs' and Class Members hours had been properly calculated, the time spent attending training often would have included work that should have been calculated at applicable premium rates.

53.     All Plaintiffs and Class Members subject to the Unpaid Training Policy are members of Subclass 3.

54.     Collectively, the Meal Break Deduction Policy, the Unpaid Preliminary and Postliminary Work Policy and the Unpaid Training Policy, are referred to herein as the "Unpaid Work Policies."

***Additional Allegations***

55.     Plaintiffs and Class Members were subject to defendants' time keeping policies which fail to ensure that employees are compensated for all hours worked, including pursuant to the Unpaid Work Policies.

56.     Defendants' failure to pay all wages and overtime as required by Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B was in reckless disregard of Plaintiffs' and Class Members' rights.

57.     As a direct and proximate cause of defendants' failure to pay all wages and

overtime as required by law, defendants violated Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B, and Plaintiffs and Class Members have suffered damages.

58.     Among the relief sought, Plaintiffs seek injunctive relief to prevent UMass from continuing the illegal policies and practices perpetuated pursuant to the Unpaid Work Policies.

59.     By entering into an employment relationship, defendants and Plaintiffs and Class Members entered into a contract for employment, including implied contracts and express contracts.

60.     Defendants entered into an express contract with Plaintiffs and Class Members that was explicitly intended to order and govern the employment relationship between defendants and Plaintiffs and Class Members.

61.     This binding express contract provided that Plaintiffs and Class Members would provide services and labor to defendants in return for compensation under the provisions of the contract.

62.     This express contract provided that defendants promised to compensate Plaintiffs and Class Members for "all hours worked" during their employment period.

63.     In addition, defendants' express contract with Plaintiffs and Class Members embodied all binding legal requirements concerning the payment of such wages to the Plaintiffs and Class Members that were in force at the time of that contract.

64.     As alleged herein, Plaintiffs and Class Members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours.

65.     The defendants failed to pay for time that Plaintiffs and Class Members worked including, but not limited to, during their meal breaks, time that Plaintiffs and Class Members spent in required, job-related training, and time that Plaintiffs and Class Members  spent before

and after their regular work hours performing work-related tasks.

66.    Defendants have received financial gain at the expense of Plaintiffs and Class Members because they did not pay Plaintiffs and Class Members for all hours worked and Defendants kept monies owed to the Plaintiffs and Class Members.

67.    Defendants have received that financial gain under such circumstances that in equity and good conscience Defendants ought not to be allowed to profit at the expense of Plaintiffs and Class Members.

68.    Pursuant to their on-going dealings and course of conduct, Plaintiffs and Class Members agreed with defendants that, among other things, defendants would pay Plaintiffs and Class Members for all hours worked.

69.    Specifically, defendants contracted to hire Plaintiffs and Class Members at a set rate of pay, with a set work schedule for a particular position, under set terms of employment.

70.    In addition, defendants implied contract with Plaintiffs and Class Members embodied all binding legal requirements concerning the payment of such wages to Plaintiffs and Class Members that were in force at the time of that contract.

71.    Defendants failed to compensate Plaintiffs and Class Members in compliance with this implied contract by failing to compensate Plaintiffs and Class Members for time that they worked, including pursuant to the Unpaid Work Policies.

72.    Each such contract also included an implied or express term that defendants agreed to fulfill all of their obligations pursuant to applicable Massachusetts law, including payment for all time worked including applicable premium pay.

73.    Defendants failed to act in good faith and breached the express and/or implied contract terms by failing to pay Class Members for all of the time Class Members worked and by

failing to pay Class Members all time worked including applicable premium pay.  As a result of defendants' breach of express and implied contracts, Plaintiffs and Class Members have been harmed and as a direct and proximate result have suffered damages including all amounts they should have been paid for all time worked including applicable premium pay.

74.   The contracts between Plaintiffs/Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good faith and to refrain from doing any act that would violate any state law governing the employment relationship or any act that would deprive Class Members of the benefits of the contract.

75.   Defendants breached their duty of good faith and fair dealing by failing to compensate Plaintiffs and Class Members in accordance with the applicable Massachusetts laws for all the time worked, including applicable premium pay.

76.   As a result of defendants' breach of duty of good faith and fair dealing, Plaintiffs and Class Members have been harmed and as a direct and proximate result have suffered damages including all amounts they should have been paid for all the time worked, including applicable premium pay.

77.   Defendants made clear, definite promises to Plaintiffs and Class Members that they would be paid for all hours worked including applicable premium pay in accordance with the applicable Massachusetts laws.

78.   Defendants made these promises with the clear understanding that Plaintiffs and Class Members were seeking employment and therefore were seeking assurances that they would be paid for all hours worked.  Plaintiffs and Class Members relied on this promise.  Without such a promise of being paid for all hours worked, Plaintiffs and Class Members would not have

worked for UMass.

79.     Plaintiffs and Class Members acted to their substantial detriment in reasonable reliance on defendants' promise to pay them for wages and benefits earned.  Injustice can only be avoided only if this Court mandates that defendants pay its employees for all hours worked.

80.     At all relevant times, defendants had and continued to have a legal obligation to pay Plaintiffs and Class Members all earnings and overtime due.  The wages belong to Plaintiffs and Class Members as of the time the labor and services were provided to defendants and, accordingly, the wages for services performed are the property of the Plaintiffs and Class Members.

81.     In refusing to pay wages and applicable premium pay  to Plaintiffs and Class Members, defendants knowingly, unlawfully and intentionally took, appropriated and converted the wages and overtime earned by Plaintiffs and Class Members for defendants' own use, purpose and benefit.  At the time the conversion took place, Plaintiffs and Class Members were entitled to immediate possession of the amount of wages and overtime earned.  As a result, Plaintiffs and Class Members have been denied the use and enjoyment of their property and have been otherwise damaged in an amount to be proven at trial.  This conversion was done in bad faith, oppressive, malicious, and fraudulent and/or done with conscious disregard of the rights of the Plaintiffs and Class Members.  This conversion was concealed from Plaintiffs and Class Members.

82.     Defendants failure to compensate Plaintiffs and Class Members for all the time they worked, including applicable premium pay, constitutes the conversion of the monies of Plaintiffs and the Class Members.

83.     As a direct and proximate result of the conversion by defendants of monies

belonging to Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages including all amounts they should have been paid at regular or premium rates for time worked.

84.     Plaintiffs and Class Members conferred a measurable benefit upon defendants by working on defendants' behalf without receiving compensation, including premium overtime compensation.

85.     As detailed herein, rather than incur additional labor costs by paying non-exempt hourly-paid employees for all of the hours that they worked, defendants accepted the services provided by Plaintiffs and Class Members and required Plaintiffs and Class Members to work hours under and in excess of forty without receiving any compensation for those hours. Plaintiffs and Class Members provided their services with the reasonable expectation of receiving compensation from the defendants.

86.     Defendants failed to compensate Plaintiffs and Class Members for all hours worked, pursuant to the Unpaid Work Policies.

87.     Defendants had an appreciation or knowledge of the benefit conferred by these Plaintiffs and Class Members.  For example, defendants' management has: observed Plaintiffs and Class Members working through their unpaid meal breaks, directed Plaintiffs and Class Members to work during their unpaid meal breaks, and affirmatively told Plaintiffs and Class Members that they could not be paid for such time.

88.     Defendants have received financial gain at the expense of Plaintiffs and Class Members because they did not pay Plaintiffs and Class Members for all hours worked and defendants kept the monies and benefits owed to the Plaintiffs and Class Members.

89.     Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit and retain the benefits

without payment of its value.

90.     Defendants enjoyed the benefit of the monies rightfully belonging to the Plaintiffs and Class Members at the expense of the Plaintiffs and Class Members.

91.     Defendants failed to act in good faith by failing to pay for all the hours worked including applicable premium pay, which has unjustly enriched defendants to the detriment of Plaintiffs and Class Members.

92.     Defendants failed to act in good faith and violated their obligations by failing to pay Plaintiffs and Class Members for the reasonable value of the services performed by Plaintiffs and Class Members for defendants.

93.     As a direct and proximate result of defendants' unjust enrichment, Plaintiffs and Class Members have suffered injuries and are entitled to reimbursement, restitution and disgorgement from defendants of the benefits conferred by Plaintiffs' and the Class Members' work without compensation as required by Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B and Massachusetts common law.

94.     The defendants engaged in such conduct and made statements to conceal from the Plaintiffs their rights and to frustrate the vindication of the employees' rights under Massachusetts law.

95.     As a result, employees were unaware of their claims.

96.     Through the paystubs and payroll information it provided to employees, UMass deliberately concealed from its employees that they did not receive compensation for all compensable time and misled them into believing they were being paid properly.

97.     Plaintiffs and Class Members are under no duty to inquire of defendants that they were paid for all hours worked including applicable premium pay. As a direct and proximate

cause of defendants affirmatively misleading Plaintiffs and Class Members regarding the fact that they were to be paid for all compensable time, defendants are estopped from asserting statute of limitations defenses against Plaintiffs and Class Members.

98.    Further, in the course of their business, by maintaining and propagating the illegal policies, defendants deliberately misrepresented to Plaintiffs and Class Members that they were being properly paid for compensable time, even though Plaintiffs were not receiving pay for all compensable time.

99.    Defendants, in the course of their business, through their corporate publications and through statements of their agents, represented that wages would be paid legally and in accordance with defendants' obligations pursuant to applicable Massachusetts laws.  Defendants failed to exercise reasonable care in communicating to Plaintiffs and Class Members that they would be paid for all compensable time.

100.  In the course of their business, defendants misrepresented in their employee manuals and policy manuals to Plaintiffs and Class Members that they would be paid for all compensable time including those worked both under and in excess of forty in a work week.

101.  Defendants intended for Plaintiffs and Class Members to rely upon defendants misrepresentations that they would be paid for all compensable time, including applicable premium pay.

102.  Defendants, however, at all times intended to violate applicable Massachusetts laws by failing to pay Plaintiffs and Class Members for all compensable time, including applicable premium pay.

103.  These misrepresentations were material to the terms of Plaintiffs' and Class Members' employment contracts (express and implied), and Plaintiffs and Class Members

justifiably relied on the misrepresentations in agreeing to accept and continue employment with defendants.  This reliance was reasonable, as Plaintiffs and Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable Massachusetts law.

104.   When defendants hired Plaintiffs and Class Members, they represented to Plaintiffs and Class Members that they would be fully compensated for all services performed.

105.   Defendants affirmatively misled Plaintiffs and Class Members regarding the fact that defendants failed to pay Plaintiffs and Class Members for all compensable time.

106.   Defendants induced Plaintiffs and Class Members to accept employment with defendants by misrepresenting to Plaintiffs and Class Members that they would be fully paid for all compensable time.

107.   There was no reasonable basis for defendants to believe these representations because defendants had a continuing practice and policy of failing to pay their employees for all compensable time, including applicable premium pay.  Defendants concealed the fact that they did not pay Plaintiffs and Class Members for all compensable time from Plaintiffs and Class Members.  Plaintiffs and Class Members relied upon defendants' representations by performing work and services for defendants.  This reliance was reasonable, as Plaintiffs and Class Members had every right to believe that defendants would abide by their obligations to pay for all hours worked pursuant to the Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B and common law.

108.   As a direct and proximate cause of defendants' fraud and negligent misrepresentations Plaintiffs and Class Members have suffered damages because they were not compensated for all compensable time that they worked both under and in excess of forty per

week.

109.   Defendants also failed to make, keep and preserve true and accurate records of the hours worked by Plaintiffs and Class Members in violations of Mass. Gen. Law Ch. 151 § 15.

110.   Defendants failed to post a workplace notice of basic minimum wage rates and other relevant positions in violation of 455 MA A.D.C. 2.06.

111.   Plaintiffs and Class Members were not classified as exempt employees because hourly employees do not fall under one of the enumerated exemptions under Mass. Gen. Law Ch. 151 §§ 1A, 1B.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

112.   Pursuant to the requirements as set forth in Mass. Gen. Law Ch. 149 § 150, the Office of the Attorney General has issued right-to-sue letters to proceed on these claims in court.

### COUNT I
### Violation of Mass. Gen. Laws Ch. 149 § 148

113.   Plaintiffs re-allege the above paragraphs as if fully restated herein.

114.   As a direct and proximate cause of defendants' acts, including defendants' failure to act in good faith, defendants violated Mass. Gen. Laws Ch. 149 § 148, and Plaintiffs and Class Members have suffered damages.

### COUNT II
### Failure to Pay Overtime Wages, Mass. Gen. Laws Ch. 151 §§ 1A

115.   Plaintiffs re-allege the above paragraphs as if fully restated herein.

116.   As a direct and proximate cause of defendants' acts, including defendants failure to act in good faith, defendants violated Mass. Gen. Laws Ch. 151 § 1A, and Plaintiffs and Class Members have suffered damages.

### COUNT III
### Breach of Contract: Failure to Pay Earned Wages

117.   Plaintiffs reallege the above paragraphs as if fully restated herein.

118.   Defendants are liable to Plaintiffs and Class Members for breach of their contract.

119.   As a direct and proximate cause of defendants' breach of contract, Plaintiffs and Class Members have suffered damages.

## COUNT IV
### Breach of Contract: Failure to Provide and Pay for Missed and/or Interrupted Meal Breaks

120.   Plaintiffs reallege the above paragraphs as if fully restated herein.

121.   Defendants are liable to Plaintiffs and Class Members for breach of their contract.

122.   As a direct and proximate cause of defendants' breach of contract, Plaintiffs and Class Members have suffered damages.

## COUNT V
### Breach of Implied Contract

123.   Plaintiffs reallege the above paragraphs as if fully restated herein.

124.   Defendants are liable to Plaintiffs and Class Members for breach of implied contracts.

125.   As a direct and proximate cause of defendants' breach of implied contracts, Plaintiffs and Class Members have suffered damages.

## COUNT VI
### Money Had and Received in Assumpsit

126.   Plaintiffs reallege the above paragraphs as if fully restated herein.

127.   Defendants are liable to Plaintiffs and Class Members based on money had and received in assumpsit.

128.   As a direct and proximate cause of defendants' failure to pay Plaintiffs and Class Members for all hours worked under circumstances in equity and good conscience, Plaintiffs and

Class Members have suffered damages.

## COUNT VII
### Quantum Meruit/Unjust Enrichment

129.   Plaintiffs reallege the above paragraphs as if fully restated herein.

130.   Defendants are liable to Plaintiffs and Class Members based on quantum meruit.

131.   As a direct and proximate cause of defendants' failure to pay Plaintiffs and Class Members the reasonable value of their services, including defendants' failure to act in good faith, Plaintiffs and Class Members have suffered damages.

## COUNT VIII
### Fraud

132.   Plaintiffs reallege the above paragraphs as if fully restated herein.

133.   Defendants are liable to Plaintiffs and Class Members for fraud.

134.   As a direct and proximate cause of defendants' misrepresentations Plaintiffs and Class Members have suffered damages.

## COUNT IX
### Negligent Misrepresentation

135.   Plaintiffs reallege the above paragraphs as if fully restated herein.

136.   Defendants are liable to Plaintiffs and Class Members for negligent misrepresentation.

137.   As a direct and proximate cause of defendants' misrepresentations Plaintiffs and Class Members have suffered damages.

## COUNT X
### Conversion

138.   Plaintiffs reallege the above paragraphs as if fully restated herein.

139.   Defendants are liable to Plaintiffs and Class Members for conversion.

140.    As a direct and proximate result of the conversion by defendants of monies belonging to Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages.

## COUNT XI
### Failure To Keep Accurate Records

141.    Plaintiffs reallege the above paragraphs as if fully restated herein.

142.    Defendants are liable to Plaintiffs and Class Members for their failure to keep accurate records.

143.    As a direct and proximate result defendants failure to keep true and accurate record of hours worked by Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages.


**WHEREFORE**, Plaintiffs demand judgment against defendants, including an award of treble damages, plus costs of suit in their favor and that they be given the following relief:

(a)    certification of this case as a class action;

(b)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(c)    an award of the value of Plaintiffs' and Class Members' unpaid wages, including fringe benefits;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.


### Jury Demand

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  October 11, 2010

Respectfully submitted,
PATRICIA CAVALLARO, et al.,
and all others similarly situated

By their attorneys,


 /s/ Patrick J. Solomon
THOMAS & SOLOMON LLP
Patrick J. Solomon, Esq. (*admitted pro hac vice*)
Michael J. Lingle, Esq. (*admitted pro hac vice*)
Justin M. Cordello, Esq. (*admitted pro hac vice*)
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
psolomon@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jcordello@theemploymentattorneys.com

Jody L. Newman (BBO No. 542264)
Ariatna Villegas-Vazquez (BBO No. 655249)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000
jnewman@dwyercollora.com
avillegas-vazquez@dwyercollora.com

## CERTIFICATE OF SERVICE

I, Patrick J. Solomon, hereby certify that on this 11th day of October, 2010, the foregoing Amended Complaint was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to the registered participants as identified on the Notice of electronic filing and also via first class mail to Plaintiffs' counsel of record:

Lisa A. Schreter
Angelo Spinola
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E.
Suite 1500 Atlanta, GA  30326
Phone: 404.233.0330
Fax: 404.233.2361
lschreter@littler.com
aspinola@littler.com

Gregory C. Keating (BBO # 564523)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
gkeating@littler.com

/s/ Patrick J. Solomon                                    
Patrick J. Solomon