# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICIA CAVALLARO,** ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br><br> **UMASS MEMORIAL HEALTH CARE, INC.,** ET AL, <br><br> *Defendants.* | Civil Action No. <br> 09-cv-40181 |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

 

**THOMAS & SOLOMON LLP**
693 East Avenue
Rochester, NY 14607
(585) 272-0540

**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000

*Attorneys for Plaintiffs*

Of Counsel:   Patrick J. Solomon (admitted *pro hac vice*)
              Michael J. Lingle (admitted *pro hac vice*)
              Jody L. Newman

**PRELIMINARY STATEMENT**

Plaintiffs submit this memorandum of law in opposition to defendants' motion for reconsideration of this Court's July 2, 2010 Memorandum and Order on plaintiffs' motion to remand and defendants' motion to dismiss, and this Court's July 2, 2010 Order for Remand. Defendants offer no new arguments in support of their assertion of original federal question jurisdiction and there is no basis for this Court to alter its determination to decline supplemental jurisdiction over plaintiffs' remaining state law claims. In short, plaintiffs' state law claims were properly remanded to state court. Defendants' motion for reconsideration should therefore be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background is set forth fully in plaintiffs' initial motion papers and will be recited herein only briefly.

Plaintiffs originally commenced this action in the Massachusetts Superior Court asserting that defendants' failure to pay its employees for all time worked amounted to violations of Massachusetts statutory and common law. Plaintiffs herein also commenced an original action in this Court asserting, among other things, that defendants' failure to properly pay its employees overtime amounted to a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").[1]

Defendants removed the instant action to this Court claiming that jurisdiction is proper here because plaintiffs' state law claims are preempted by federal law, namely § 301 of the

---

[1] Although the federal and state actions may share common operative facts, separate actions are necessary and appropriate because the state and federal laws address separate and distinct rights and thus have separate and distinct enforcement mechanisms. Most notably, state law allows recovery for all hours worked, including those hours that are under 40 in a week, whereas the FLSA allows recovery only for minimum wage violations and unpaid overtime. In addition, state law claims are prosecuted through an opt-out class mechanism whereas FLSA claims proceed under an opt-in collective action. *See McLaughlin v. Liberty Mutual Ins. Co.,* 224 F.R.D. 304, 308 (D. Mass. 2004)

Labor Management Relations Act ("LMRA") and the Employment Retirement Income Securities Act ("ERISA"). *See* Doc. 1. Defendants thereafter moved to dismiss the complaint arguing that certain claims should be dismissed for plaintiffs' failure to allege exhaustion of administrative remedies and that the remaining claims should be dismissed for various other reasons, including the incompatible conflict between an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure and the opt-in class action procedure provided for FLSA actions under Rule 216(b). *See* Doc. 11; Doc. 12, pp.6-7.

Plaintiffs in turn moved to remand this action back to state court on the ground that LMRA preemption did not apply and because this action presents a novel issue of state law properly heard by a state court. *See* Doc. 17; Doc. 25, pp. 2-4.

In its July 2, 2010 Memorandum and Order, this Court agreed with defendants that certain claims were preempted by the LMRA and dismissed those claims for plaintiffs' failure to plead exhaustion of administrative remedies. This Court, however, declined to exercise supplemental jurisdiction over the remaining claims and remanded those claims back to state court for further proceedings there.

Defendants now claim that extraordinary circumstances justify reconsideration of this Court's decision to remand plaintiffs remaining claims to state court. Remand, however was entirely proper and correct and defendants' have set forth no extraordinary circumstances warranting reconsideration of that decision. Defendants' motion should therefore be denied.

**ARGUMENT**

I. **RECONSIDERATION IS NOT WARRANTED BECAUSE THIS COURT DID NOT OVERLOOOK DEFENDANTS' ARGUMENTS AND DEFENDANTS HAVE OFFERED NOTHING NEW TO SUPPORT THEIR CONTENTIONS**

Contrary to defendants' contention, this Court did previously acknowledge defendants' argument that *all* plaintiffs' claims are completely preempted by Section 301 of the LMRA. This Court simply rejected that argument with respect to certain claims, noting that defendants did not make any particularized preemption arguments with respect to those claims or move to dismiss those claims on LMRA preemption grounds. Despite this admonition, defendants still fail to make any particularized arguments supporting their assertion that plaintiffs' remaining common law claims are preempted by the LMRA. Furthermore, they still do not seek dismissal of those claims on LMRA preemption grounds. They have thus presented nothing new or different to this Court to support their claim for original federal question jurisdiction.[2]

In fact, defendants' failure to offer any particularized arguments for removal of the remaining common law claims based on preemption, and its continued acknowledgement that dismissal of those claims on preemption grounds is not warranted, confirms this Court's conclusion that neither removal nor dismissal of the remaining common law claims is warranted based on LMRA preemption.[3] Therefore, that part of defendants' motion seeking original federal question jurisdiction over plaintiffs' remaining common law claims should be denied.

---

[2] Even if this Court again considers defendants' arguments for original federal question jurisdiction on the merits, it should again reject those arguments for the reasons set forth in its July 2, 2010 Memorandum and Order as well as the reasons set forth in plaintiffs' Motion to Remand. *See* Docs. 17, 25.

[3] Defendants' citation to the recent decision in *Pruell v. Caritas*, which plaintiffs have since appealed, does nothing to advance defendants' argument. Indeed, even defendants acknowledge that *Pruell* was wrongly decided at least with respect to the preemption and dismissal of Pruell's claim under Chapter 151 of the Massachusetts General Laws. In any event, a non-binding questionable decision can hardly be considered extraordinary circumstances warranting this Court's reconsideration of its correct decision to remand plaintiffs' remaining claims.

## II. THIS COURT CORRECTLY EXERCISED ITS DISCRETION IN DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS

In the first instance, defendants' argument for supplemental jurisdiction and consolidation is somewhat disingenuous in light of their argument that a procedural conflict exists between the FLSA opt-in collective action process and the Rule 23 opt-out class action process. *See* Doc. 12, p. 6. In other words, defendants should not be heard to argue that the state law claims should be consolidated with the FLSA claims when they concurrently take the position that such state and federal claims may not, as a procedural matter, proceed in the same action.

Plaintiffs' filed their state law claims in an entirely separate action in state court in part to avoid any possible incompatibility problems. If the actions are consolidated, however, there is the very real possibility that plaintiffs end up in the exact same position as they are in now – filing a separate state law action - months or even years later.[4] Defendants should not be allowed to create the hypothetical conflict between collective and class actions in the same proceeding through consolidation and consequently cause an unnecessary waste of resources and delay in this proceeding.

Even setting that argument aside, there are plainly no extraordinary circumstances warranting supplemental jurisdiction over plaintiffs' remaining state law claims.

---

[4] Dismissal of state law claims from a federal action based upon the incompatibility of representative actions mechanisms does not prevent plaintiffs from re-filing the action in state court. Although defendants also argue that plaintiffs' state law claims are barred from proceeding even in a separate action due to a conflict between an opt-in collective action and an opt-out class action, that argument lacks any merit whatsoever. As explained by this Court in *McLaughlin,* FLSA remedies and state law remedies are entirely separate rights that may be pursued by the plaintiffs and any restriction on federal remedies does not result in a concomitant restriction on state remedies. 224 F.R.D. at 308; *see also Zelinsky v. Staples, Inc.,* No. 08-684, 2008 WL 4425814, at *2 (W.D. Pa. Sept. 29, 2008). In any event, this Court correctly held that whether state law claims are entirely preempted by the FLSA is an issue that may properly be determined by a state court.

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995). It is well settled that a district court retains the discretion to decline to exercise supplemental jurisdiction where, as here, the district court has dismissed all claims over which it had original jurisdiction. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007). District courts may also decline to exercise supplemental jurisdiction where: (1) the claim raises a novel or complex issue of State law or (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(1, 2).

The crux of defendants' argument is that this action should not proceed in state court simultaneously with and separately from the pending FLSA federal action. As demonstrated below, there is nothing improper or wasteful in prosecuting the instant action in state court concurrently with the federal FLSA action. In fact, plaintiffs' commencement of this state law action while a federal action is pending is necessary to fully vindicate the rights of defendants' employees. Indeed, it is a common and standard practice and is very often done at the direction of federal courts. *See e.g. De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) (declining to exercise supplemental jurisdiction over concurrent state law claims).

First, as set forth in plaintiffs' memorandum of law in further support of their motion to remand (Doc. 25), this action raises a novel issue of state law. In their motion to dismiss, defendants' rely on a Massachusetts State law provision purportedly exempting hospitals from overtime laws. *See* Mass. Gen. Laws ch. 151, § 1A(16). That provision has never been raised before a court of this state and thus presents a novel issue of state law that should be heard and

resolved by a state court. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 947 F.2d 529, 534-35 (1st Cir. 1991); *see Philip Morris Inc. v. Harshburger,* 946 F.Supp. 1067, 1078-79 (D. Mass. 1996).[5]

Second, if, as defendants suggest, this case was consolidated with the federal FLSA action, plaintiffs state law claims would likely predominate over the FLSA claims. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d at 308 – 312. For example, the state law claims would proceed under Rule 23 opt-out class action procedure whereas the FLSA claims would proceed under the opt-in collective action procedure and thus create a significantly larger class of plaintiffs for the state law claims.[6] As another example, the statute of limitations under the FLSA is either two or three years depending on whether the violation was willful. 29 U.S.C. § 255(a). In contrast, the statute of limitations for violations of Mass. Gen. Laws ch. 149 §§ 148, 150 is three years regardless of whether the violation was willful.[7] *See* Mass. Gen. Laws ch. 149 § 150. In addition, plaintiffs' breach of contract claim has a statute of limitations period of six years. Moreover, the statute of limitations for a plaintiffs' state law claim is tolled under G.L. c. 260, § 12 when a defendant fraudulently conceals a cause of action from the knowledge of a plaintiff for the period prior to the plaintiffs' discovery of the cause of action. *See Salvas v. Wal-Mart Stores, Inc.*, 893 N.E.2d 1187, 1217 (Mass. 2008). Thus, the potential pool of similarly

---

[5] Defendants' argument that the benefit of having a state court determine novel state issues of state law is outweighed by a state court having to decide two "questions of federal law," is belied by defendants' prior arguments. Indeed, the lead case cited by defendants in support of FLSA preemption of state law claims is a decision from the Supreme Judicial Court of Massachusetts. *See* Doc. 12, at p. 5-6. Thus, defendants, as they must, acknowledge that state courts are not only well-equipped to hear the alleged "questions of federal law," but have historically considered and decided such questions. *See e.g. Goodrow v. Lane Bryant, Inc.*, 732 N.E.2d 289, 294 (Mass. 2000).

[6] Consolidating this action with the FLSA federal action would also deprive plaintiffs of their right to prosecute their state law claims under Mass. R. Civ. P. 23, which notably provides state judges greater flexibility in protecting the interests of the class than Fed. R. Civ. P. 23 and requires certification of a non-opt-out class. *See* Mass. R. Civ. P. 23(d); *Salvas v. Wal-Mart Stores, Inc.*, 893 N.E.2d 1187, 1217 (Mass. 2008).

[7] Although this Court dismissed the Mass. Gen. Laws ch. 148 and 149 claims as preempted by the LMRA, plaintiffs currently have a motion for reconsideration of that issue pending and, at the very least, expect that the dismissal based on LMRA preemption will not affect the claims of non-unionized employees.

situated employees in this action is far greater than the potential pool of similarly situated employees in the Federal action and damages are potentially far greater in the state law action. Further increasing potential damages, Mass. Gen. Laws ch. 151 § 1B and Mass. Gen. Laws ch. 148 and 149 provide for treble damages for unpaid overtime and wages respectively, whereas damages under the FLSA include unpaid overtime plus an additional equal amount as liquidated damages. 29 U.S.C. § 216(b) (2008).

These circumstances demonstrate that this Court correctly declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims and properly remanded those claims to state court.[8] *See generally De Asencio v. Tyson Foods, Inc.*, 342 F.3d at 308 – 312. Defendants' arguments to the contrary do not amount to extraordinary circumstances warranting reconsideration of this Court's proper exercise of its discretion. Indeed, the circumstances that defendants now claim are extraordinary were relegated to a footnote in their previous motion papers. *See* Doc. 21, at p. 4 n.2.

## CONCLUSION

For all of the above reasons, plaintiffs respectfully request that defendants' motion for reconsideration be denied.

Dated: October 26, 2010

>Respectfully submitted,
>PATRICIA CAVALLARO, et al.,
>and all others similarly situated
>
>By their attorneys,
>
>/s/ Patrick J. Solomon
>Patrick J. Solomon (admitted *pro hac vice*)

---

[8] Should this Court nonetheless decide to exercise jurisdiction over plaintiffs remaining state law claims and consider defendants' motion to dismiss, defendants' motion to dismiss those claims should be denied for the reasons set forth in plaintiffs' opposition to that motion. *See* Doc. 29.

- 7 -

Michael J. Lingle (admitted *pro hac vice*)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
(585) 272-0540
psolomon@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

Jody L. Newman (BBO No. 542264)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000
jnewman@dwyercollora.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document has been filed through the ECF system, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 26, 2010

                                        /s/ Patrick J. Solomon